PIERCE & al. versus HENRIES, AND MANSON as his Trustee.

It is an *actual*, and not a mere *constructive*, possession under a recorded mortgage of personal property, which may subject the mortgagee to a suit as trustee of the mortgager.

ON EXCEPTIONS from the *District Court*, HATHAWAY, J.

Manson disclosed *that* he held a recorded mortgage, made by Henries of a stock of goods, to secure a debt of about

$400 ; *that* the goods were of a value more than sufficient to pay his debt; *that,* before the service of the writ, he had never taken possession or delivery ; *that, after* the service of the writ, he took actual possession, and his debt has been paid; and that the goods have been since mortgaged by Henries to Bebee & Co.

The Judge ruled Manson to be chargeable as trustee, and he excepted.

*S. H. Blake,* for the trustee.

*J. E. Godfrey,* for the plaintiff.

Was the trustee in possession of the goods of the principal defendant, as contemplated by R. S. c. 119, § 58 ?

If the person summoned as trustee shall disclose, that, at the time of the service of the process on him, he had "*in his possession* property not exempted by law from attachment, but that the same was mortgaged, pledged or delivered to him by the principal defendant, to secure the payment of a sum of money due" him, and that the principal defendant has a subsisting right to redeem the same, on payment, or tender of payment of the money due, the Court shall order a delivery of the property to the officer, &c.

The right of redeeming was in the principal defendant, at the time of the service of the writ, and the trustee was in possession, or what is the same thing, had the right to immediate possession of the goods, the mortgage having been recorded as provided by R. S. c. 125, § 32.

At common law, a delivery and generally the possession of the property mortgaged were necessary to vest the property in the mortgagee. The above § 32, made the record of the mortgage a substitute for this. *Pickard* v. *Low,* 15 Maine, 48 ; *Flanders* v. *Barstow,* 18 Maine, 357 ; *Welch* v. *Whittemore,* 25 Maine, 86 ; *Bullock* v. *Williams,* 16 Pick. 35.

The *right to the actual possession* is tantamount to actual possession. *Lane* v. *Nowell & trustee,* 15 Maine, 88 ; *Ward* v. *Lamson & trustee,* 6 Pick. 358.

The possession of the mortgager is the possession of the mortgagee. *Noyes* v. *Sturtevant*, 18 Maine, 104.

Such a construction should be given to the Acts of the Legislature as will give effect to them. Unless the recording of the mortgage is tantamount to possession, as intended by § 58, c. 119, that section cannot aid the creditor in securing his debt. No mortgagee will ever be in actual possession where registration only is necessary for his security, and no attaching creditor will be any better for the enactment. It is hardly probable that the Legislature would have passed an act for the benefit of attaching creditors, as in this case, and immediately make it of no effect, by rendering possession of the property unnecessary for the security of mortgage creditors.

What possible injury can arise from the construction, that the possession referred to in *Pickard* v. *Low*, and the other cases cited, is the possession intended by the statute? The trustee could suffer no injury if he used ordinary care, the principal defendant could suffer no injury more than if the goods were absolutely his and attached by ordinary process, and there is no other party to be affected injuriously.

Unless this construction obtain, the law becomes a mere protection to fraud.

WELLS, J. — The question presented in this case is, whether a mortgagee, whose mortgage has been recorded, but who has never had the actual possession of the goods mortgaged before the service of the trustee process upon him, can be considered in possession so as to be liable to the trustee process.

The statute, under which the trustee is claimed to be held, c. 119, § 58, provides, that " when any person, summoned as a trustee, shall in his disclosure state, that he had, at the time the process was served on him, in his possession, property not exempt by law from attachment, but that the same was mortgaged, pledged or delivered to him by the principal defendant," &c. The statute requires that the mortgagee shall

have possession of the mortgaged property in order to render him chargeable as trustee. It appears to have contemplated an actual possession, so that the trustee should have the control of the property, and to have made this the ground of his liability. If the trustee were held upon a constructive possession merely, he might suffer loss, when he ought not to be subjected to it. *Central Bank* v. *Prentice & trustee,* 18 Pick. 396.

As Manson, the trustee, never had possession of the goods before the plaintiff's writ was served on him, he must be discharged. *The exceptions are sustained and the trustee discharged.*

SHEPLEY, C. J., and RICE and APPLETON, J. J., concurred.